**FERROCART CORPORATION OF AMERICA v. JOHNSON LABORATORIES, Inc., et al.**

**No. 14438.**

District Court, N. D. Illinois, E. D.

March 17, 1943.

Poppenhusen, Johnston, Thompson & Raymond, of Chicago, Ill., for plaintiff.

Egbert Robertson, of Chicago, Ill., and W. H. F. Millar, of Waynesville, N. C., for defendant.

HOLLY, District Judge.

Johnson Laboratories, Inc., hereinafter referred to as Johnson, being the owners of seven certain patents having to do with comminuted iron cores used in radio receiving sets sent letters to Meissner Manufacturing Company (hereinafter referred to as Meissner) and other customers of Ferrocart Corporation of America (hereinafter referred to as Ferrocart) engaged in the radio business, stating in effect that it was the owner of the seven patents, that it had come to its attention that others in violation of its patents rights were offering for sale magnetic core material which infringed said patents, and that it was the intention of Johnson to vigorously enforce its patent rights against all infringers including manufacturers, assemblers, distributors, dealers and users. The first of these letters were sent out January 15, 1935. There was evidence also of threats to customers and prospective customers by telephone and personal calls. Thereafter on March 1, 1935, Johnson filed its bill of complaint against Meissner and others for alleged infringement of two (but only two) of said patents. On April 29, 1935, Ferrocart filed its bill of complaint against Johnson and Alladin Radio Industries, Inc., praying for a declaratory judgment declaring that Ferrocart had not infringed said patents (including the two in the complaint filed by Johnson) and for damages for Johnson's unfair competition with plaintiff.

Johnson in its answer admitted noninfringement of three of said seven patents, asserted infringement of one and stating that "they persist in asserting that Ferrocart and its customers were infringing three other of the seven patents." By way of counterclaim filed February 3, 1936, Johnson asserted a claim for infringement of four of the patents including the one as to which they had charged infringement in the answer and the three as to which in their answer they persisted in asserting that Ferrocart and its customers were infringing. Four of the seven patents were thereby put in litigation and as to three Johnson admitted noninfringement. During the trial Johnson admitted noninfringement as to another. At the conclu-

sion of the trial this court held two of the litigated Johnson patents invalid and one valid and infringed and that Ferrocart was entitled to an accounting for whatever damages it had sustained by reason of the sending out of said letters.

On appeal the Circuit Court of Appeals held that the case, Johnson Laboratories v. Meissner Mfg. Co., 7 Cir., 98 F.2d 937, should be reversed as to the one patent which this court found valid and infringed and affirmed as to the two which the court had held invalid. It also sustained this court in holding that Johnson was guilty of unfair competition in sending out the letters aforesaid and affirmed this court in holding that Ferrocart was entitled to an accounting. Upon the filing in this court of the mandate of the Circuit Court of Appeals a decree was entered on December 13, 1938, in accord with the opinion of the Circuit Court of Appeals and the case was referred to a Master in Chancery for an accounting of the damages suffered by Ferrocart from the acts of unfair competition by Johnson.

The Master upon the reference held that the accounting should cover the period January 15, 1935 to December 13, 1938, inclusive, on the theory that the industry could not know definitely that it had a right to deal with Ferrocart until the questions of the validity of the Johnson patents had been finally determined; that the final determination of the case came when the decree on the mandate from the Circuit Court of Appeals was entered by this court.

I am inclined to the opinion that the period of accounting should cover only the time from the date of the sending out of the first of the letters to the date of the filing of the cross-complaint herein by Johnson, to-wit, February 3, 1936.

Johnson was wrong in sending out the notices threatening suit for infringement of the seven patents. It did not follow up its threats as to four of the patents and the claims of the other three, so far as Johnson put them in litigation, were found to be invalid. But the damage caused by Johnson's wrongful acts must have accrued between the time of the sending out of the notices and the time of the filing of the counterclaim. The filing of the counterclaim was notice that it had abandoned its claim to any exclusive rights under the four patents and it had a lawful right to litigate the other three. Thereafter the pendency of the suit rather than the let-

ters sent out by it would be the influencing cause which would interfere with the sale by Ferrocart of its cores either to Meissner or any other party. Ferrocart is not entitled to damages for any loss of business after that date.

It is my opinion, therefore, that the Master was wrong in determining the period for which there should be an accounting. In other respects the findings of the Master are approved except as to the taxing of costs which may be determined later. The case will be re-referred to the Master for an accounting in accordance with the principle here laid down.

An order accordingly will be entered March 17, 1943.